**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

NKENGANYI NATAZIE FOTABONG,

      Petitioner,

v.                                  No. 2:26-cv-02087-DHU-GJF

FNU LNU,

      Respondent.

### MEMORANDUM OPINION AND ORDER DISMISSING DUPLICATE HABEAS FILING WITHOUT PREJUDICE

THIS MATTER is before the Court on Petitioner's duplicate Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Habeas Petition"). Doc. 1. Petitioner is a citizen of Cameroon and challenges her immigration custody at the Otero County Processing Center in Chaparral, New Mexico. *Id.* Petitioner has already filed a § 2241 habeas petition in this Court through counsel, in which she also challenges her immigration custody. *See Natazie Nkenganyi v. Noem, et al.*, 2:26-cv-00638-DHU-DLM, Petition filed March 4, 2026.[1] The Court entered a Memorandum Opinion and Order in Case No. 2:26cv638 granting habeas relief and ordering an individualized bond hearing before a neutral immigration judge. *See* Doc. 8, filed in Case No. 2:26cv638. The parties filed a Status Report on April 13, 2026, stating a bond hearing was held on April 6, 2026, and bond was denied. *See* Doc. 9, filed in Case No. 2:26cv638. On May 22, 2026, Petitioner filed a

---

[1] Petitioner states her full name is "Nkenganyi Natazie Fotabong" in the Petition filed in this case, while her name on the Petition in Case No. 2:26cv638 is written as "Natazie Nkenganyi. Nevertheless, the A-numbers in both cases are identical (A-221-099-955), and the Executive Office for Immigration Review website lists Petitioner's name as Natazie Nkenganyi. *See* https://acis.eoir.justice.gov/en/caseInformation (site last visited July 6, 2026).

letter in Case No. 2:26cv638 asking to be released from custody. *See* Doc. 10, filed in Case No. 2:26cv638.

When a petitioner files multiple § 2241 habeas petitions, the later-filed cases generally proceed in one of two ways. If the first § 2241 case is still pending, the later-filed petition is generally dismissed as duplicative and without prejudice. *See, e.g., Horbenko v. Lyons,* 26-cv-00751-KWR-DLM (dismissing duplicate § 2241 immigration petition); *Anis v. Bondi*, 26-cv-0865-KG-DLM (same); *Leon-Chapa v. Janecka*, 26-cv-01060-MIS-GBW (same); *Izquierdo v. Warden*, 26-cv-1117-SMD-JHR (same). The petitioner is then free to continue prosecuting claims in the existing § 2241 case. *Id.* If, however, the first § 2241 was denied on the merits and final judgment has been entered, the Court may deny the second petition as an abuse of the writ. *See Tashchian v. Warden of Golden State Annex Det. Facility*, 2025 WL 3194356, at *1 (E.D. Cal. Oct. 2, 2025) (dismissing § 2241 immigration petition based on the abuse of the writ doctrine); *Garza Gutierrez v. Department of Homeland Security*, 2026 WL 788077, at *1 (W.D. Wis. Mar. 20, 2026) (issuing a warning regarding abuse of the writ). The "abuse of the writ" doctrine developed in case law and is similar to the statutory bar on successive habeas petitions under 28 U.S.C. §§ 2254 and 2255. *See Stanko v. Davis,* 617 F.3d 1262, 1268 (10th Cir. 2010) (discussing the differences between the statutory bar and the abuse of the writ doctrine).

Because Petitioner's prior case is pending and final judgment has not been entered, the Court will dismiss this duplicate § 2241 case and direct the Clerk's Office to file the Habeas Petition (Doc. 1) in Case No. 2:26-cv-638-DHU-DLM as a "Proposed Amended Petition." *See Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011) ("District Courts have discretion to control their dockets by dismissing duplicative cases."); *McNeese v. Anderson*, 2025 WL 2673993, at *2

2

(10th Cir. Sept. 18, 2025) (affirming "district court's dismissal of a case as … duplicative" and noting that courts are "accorded a great deal of latitude and discretion" in such matters). To the extent Petitioner seeks to raise additional claims regarding her immigration custody, she must do so in her pending § 2241 proceeding. The Court will dismiss the instant *pro se* Petition without prejudice and Petitioner may continue to prosecute her § 2241 claims in *Natazie Nkenganyi v. Noem, et al.*, 2:26-cv-00638-DHU-DLM.  Petitioner is instructed to include the original case number (2:26-cv-00638-DHU-DLM) on all filings relating to her pending § 2241 proceeding.

**IT IS THEREFORE ORDERED** that the *pro se* Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** as duplicative; Petitioner's Motion to Proceed In Forma Pauperis (Doc. 2) is **DENIED AS MOOT**; the Clerk's Office shall **FILE** the Habeas Petition (Doc. 1) as a **PROPOSED AMENDED PETITION** in Case No 2:26-cv-00638-DHU-DLM; and the Court will enter a separate judgment closing this civil habeas case.

_____
HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE

3